IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE | ) |
|  | ) |
| RICHARD DAVIS, | ) CASE NO. 07-33986-H3-7 |
|  | ) |
| Debtor, | ) |
|  | ) |

## MEMORANDUM OPINION

The court has considered the "Emergency Motion to Compel Production of Documents and Motion for Costs" (Docket No. 43) filed by the Chapter 7 Trustee in the above captioned case. The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Richard Davis ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on June 12, 2007. William G. West is the Chapter 7 Trustee. Debtor's counsel of record in the instant case is Afton Izen.

The instant case was filed eight days after the filing of Case No. 07-33685-H3-11, styled "Richard D. Davis, Limited Liability Partnership, a Texas General Partnership" (the

"Partnership Case"). The Partnership Case has subsequently been dismissed.

In the instant case, Debtor listed in his schedule B, interests in Richard D. Davis LLP, Aircraft Aloft II, LLC, and R.D. Davis Investments, LP. He listed accounts receivable due from Aircraft Aloft II, LLC, Skydive Houston, LLC, Parachute Leasing, LLC, Skylakes Aviation, LLC, and Aircraft Aloft, LLC. (Docket No. 10).

In Debtor's statement of financial affairs, he listed as entities in which he was a officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or self employed in a trade, or in which the debtor owned 5 percent or more of the voting securities, within the 6 years prepetition: Zula Air Force 1, Skylakes Aviation, LLC, Skydive Houston, LLC, Richard D. Davis LLP, R.D. Davis Investment, R.D. Davis & Assc. LLC, Parachute Leasing Co., Aircraft Aloft II, LLC, 13500 Air Express, LLC, Aircraft Aloft, LLC, Richard D. Davis, Trust (Tax ID 90-6034715), and Richard D. Davis, Trust (Tax ID 90-6032267). (Docket No. 10).

Debtor listed, in his initial schedule A, a life estate in real property located at 5530 Cobble Lane, Spring, Texas 77379. (Docket No. 10). Debtor subsequently amended his schedules to indicate that his interest in the property was an "equitable interest." (Docket No. 34). Debtor testified at the

hearing on the instant motion that he resides at the property. Trustee testified that he would like to examine the nature of Debtor's interest in the property, in order to determine whether to object to Debtor's exemptions.

On September 13, 2007, Trustee's counsel conducted an examination of the Debtor under Bankruptcy Rule 2004.

After the Rule 2004 examination, on September 26, 2007, Trustee requested by letter directed to Debtor's counsel copies of:

> 1. all tax returns for 13500 Air Express, LLC, Richard D. Davis, LLP, R.D. Davis Investments, LP, Aircraft Aloft II, LLC, Skydive Houston, LLC, Parachute Leasing, LLC, Skylakes Aviation, LLC, Aircraft Aloft, LLC, Zula Air Force 1, R.D. Davis and Assoc. LLC, Parachute Leasing Co., Richard D. Davis, Trust (Tax ID 90-6034715) or its trustee, FMS Company and/or any other entity in which Mr. Davis has owned an interest in the 4 years prior to the petition date (collectively, the "Debtor Entities");[1]
>
> 2. all documents, contracts, agreements, invoices statements, correspondence, and/or emails relating in any way to the property located at 5530 Cobble, Spring, Texas 77379;
>
> 3. all documents, contracts, agreements, invoices statements, correspondence, and/or emails relating in any way to real property owned, held or controlled by any of the Debtor Entities in the previous 4 years;
>
> 4. all documents, contracts, agreements, invoices statements, correspondence, and/or emails evidencing Patricia K. Suarez' ownership interest in Richard D. Davis, LLP, the 50.354 acres of real property in Waller County, Texas currently used as an airport, and/or any

---

[1] This court has made no finding at this time as to whether Debtor owns any interest in these entities, or whether any of them may properly be considered "Debtors."

    of the Debtor entities; and

    5.  all documents, contracts, agreements, invoices statements, correspondence, and/or emails relating in any way to assets, including but not limited to personal property, automobiles, parachutes, accounts receivable, aircraft and/or equipment, owned and/or controlled by the Debtor and/or any of the Debtor entities in the previous 4 years.

(Trustee Exhibit 1).

  In the instant motion, Trustee seeks entry of an order compelling Debtor to fully respond to Trustee's letter of September 26, 2007.  Trustee additionally seeks an award of $2,225 in costs against Debtor and Debtor's counsel, jointly and severally.  Trustee asserts that Debtor, Debtor's daughter, Patricia Suarez (herself an attorney), Debtor's attorney, Afton Izen, James L. Emerson, and JLE Investors, Inc. orchestrated a postpetition transaction to convey ownership of the 50.534 acre Waller County airport property out of the estate, without court authority.[2]  Trustee asserts that Debtor produced an incomplete set of documents, responsive to only a limited portion of the Trustee's request.

  The Trustee testified that, on November 5, 2007, he received a package of documents that reflected the loan transaction described in Adversary No. 07-3496.  He testified

---

[2] Trustee's assertion forms the basis of an adversary proceeding.  In Adv. No. 07-3496, the Trustee has sought, inter alia, turnover of property located in Waller County.  The court has previously entered a temporary restraining order in Adv. No. 07-3496, and a preliminary injunction hearing remains set December 17, 2007.

that that was the first time he became aware of the transaction.

Trustee testified that he has not received the tax returns for 13500 Air Express, LLC, R.D. Davis Investments, LP, Skydive Houston, LLC, Parachute Leasing, LLC, Skylakes Aviation, LLC, Aircraft Aloft, LLC, Zula Air Force 1, R.D. Davis and Assoc. LLC, Parachute Leasing Co., Richard D. Davis, Trust (Tax ID 90-6034715) or FMS Company.  He testified that he has not received any documents responsive to items 2-5 listed above.

Debtor testified that he has been indicted on a charge of tax fraud.  He testified that he has posted a cash bond.  He testified that he did not list the posting of the cash bond in his schedules.

Debtor testified that his daughter's business interests include Skydive Houston and Richard D. Davis Limited Liability Partnership.

Debtor testified that he manages Skydive Houston.  He testified that some of the activities of Skydive Houston generate documents.  He testified that he has access to some documents of Skydive Houston.

Debtor testified that he has a 2% general partnership interest in Richard D. Davis Limited Liability Partnership.  He testified that he can request access to the documents of Richard D. Davis Limited Liability Partnership.  He testified that Richard D. Davis Limited Liability Partnership holds title to the

50.354 acre tract in Waller County.

Debtor testified that he has served as an officer of 13500 Air Express, LLC.  He testified that, prior to 2006, he was a general partner.

Debtor testified that he used R.D. Davis Investments, L.P. as a personal account.  He testified that he has access to its documents.

Debtor testified that, as to Parachute Leasing, LLC, Skylakes Aviation, LLC, Aircraft Aloft, LLC, Zula Air Force 1, R.D. Davis & Assoc. LLC, and Parachute Leasing Co.[3] are all partnerships he created.

Debtor testified that Richard D. Davis, Trust (Tax ID 90-6034715), and Richard D. Davis, Trust (Tax ID 90-6032267) are trusts he created.

Debtor testified that FMS Company was an assumed name he used.  He testified it has never filed separate tax returns.

Debtor testified that he has documents relating to the Cobble Lane property.

Debtor testified that he believes he has the title certificates for two vehicles, a 1994 Mercedes and a 1987 Mercedes.

Debtor asserted his privilege against self-incriminating testimony pursuant to the Fifth Amendment of the

---

[3] Debtor testified that this entity is the same entity as Parachute Leasing, LLC.

U.S. Constitution, in response to questions regarding the filing of tax returns for any of the entities identified, the ownership by any of the entities of real property, and Debtor's knowledge regarding the importance of keeping records.

Debtor testified that he believes David Laux, who worked with him in his tax consulting business, absconded with several of Debtor's documents.  Debtor testified that he has attempted to provide to Trustee all of the documents to which he has access or can obtain access.

Debtor testified that he prepared a document, for the use of his counsel, explaining the documents he believes he is able to produce, and those he believes he is unable to produce.  Debtor offered the unsigned document at the hearing on the instant motion.  Trustee objected, on grounds the Debtor's testimony indicated the document was prepared prior to Trustee's September 26, 2007 letter, and that the document was not sworn.  The court sustained Trustee's objection.

Despite Debtor's testimony that he has or can request access to the records of Skydive Houston, Richard D. Davis Limited Liability Partnership, 13500 Air Express, LLC., R.D. Davis Investments, L.P., Parachute Leasing, LLC, Skylakes Aviation, LLC, Aircraft Aloft, LLC, Zula Air Force 1, R.D. Davis & Assoc. LLC, Parachute Leasing Co., Richard D. Davis, Trust (Tax ID 90-6034715), and Richard D. Davis, Trust (Tax ID 90-6032267),

7

and FMS Company, Debtor testified that he has produced all documents responsive to the Trustee's request in his possession, custody, or control.  This testimony is not credible.

## Conclusions of Law

Section 521(a)(3) of the Bankruptcy Code requires that a debtor in a case in which there is a trustee serving "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title."  11 U.S.C. § 521(a)(3).

Bankruptcy Rule 2004(c) provides that the production of documents may be compelled as provided in Bankruptcy Rule 9016.  Bankruptcy Rule 9016 provides that Rule 45 of the Federal Rules of Civil Procedure applies.  Rule 45 permits a command to produce documents to be included in a subpoena.

Local Bankruptcy Rule 2004 attempts to alleviate the burden and expense of the use of subpoenas to obtain documents in bankruptcy cases.  That rule provides in pertinent part that if a party to be examined has objections, that party has the burden of seeking relief from the court by filing a motion to quash or for a protective order.  The rule additionally provides that if anyone has been unreasonable in seeking or resisting discovery under Bankruptcy Rule 2004, the court may award sanctions.

In the instant case, after Trustee conducted an examination of Debtor under Bankruptcy Rule 2004, the Trustee requested production of documents Trustee asserts were requested

at the examination.  The notice of 2004 examination is not in evidence.  Nevertheless, Debtor has a duty to turn over such documents, to the extent the documents are in his possession, custody, or control, and to assist the Trustee in recovering such documents, to the extent they are not in his possession, custody, or control.  11 U.S.C. §§ 521(a)(3), 521(a)(4).

In the instant case, the only evidence as to Debtor's compliance with the Trustee's request is a portion of Debtor's testimony which the court has found lacking in credibility.  The court concludes that the best way to ensure Debtor's compliance is to order that, as to each item requested by Trustee, Debtor shall produce, within 10 days from entry of this order, after diligent search and request of entities to which he has access, all documents responsive to Trustee's request, and file a statement, sworn by Debtor pursuant to 28 U.S.C. § 1746, and signed by Debtor's counsel of record pursuant to Bankruptcy Rule 9011, stating that, after diligent search and request of all entities to which he has access, he has produced all documents and as to any document not produced, the reason it is unavailable.

Because Trustee has conducted discovery informally, pursuant to Local Bankruptcy Rule 2004, and because Trustee has not presented the documents underlying his discovery requests, the court declines to award sanctions at this time.  Debtor and

Debtor's counsel should be cautioned that if they fail to comply with this court's order, sanctions will in all likelihood issue.

Signed at Houston, Texas on January 24, 2008.

_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE