

ENTERED
11/05/2018

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE:<br>RICHARD DAVIS,<br>    *Debtor.*<br><br>PHILIPPE TANGUY, *et al.*,<br>    *Appellants,*<br><br>v.<br><br>WILLIAM G. WEST, TRUSTEE,<br>    *Appellee.* | Civil Action No. 4:17-cv-01140<br><br>Bankruptcy Case No. 07-33986 |

## **MEMORANDUM OPINION AND ORDER**

This case is an appeal from several orders directing the Trustee in this case to distribute proceeds from this Chapter 7 estate to the primary debtor and to the Trustee and his counsel. This Court affirms the Bankruptcy Court as to all three orders. (Bankruptcy Case No. 07-33986; Doc. Nos. 222, 223, and 224).

**I.**    **Facts**

The Appellants are Philippe Tanguy, 13,500 Air Express, LLC, 13,500 Air Express L.P., and PTRE Holdings, L.P. (hereinafter referred to jointly as "Appellants"). Appellee is William West, the Chapter 7 Trustee ("Trustee"). While the parties do not universally agree over what are the controlling facts, there are some basic facts about which there seems to be little or no contest. In 2007 Richard Davis, the debtor, filed a Chapter 7 bankruptcy. The Trustee filed an adversary proceeding against Appellants over a promissory note and received a favorable judgment in the amount of $1,183,090.80 plus attorney's fees of $31,180.75. This order was affirmed on appeal, *Tanguy v. West* (In re Davis), 10cv1194, 2012 WL 2871662 (S.D. Tex. July 10, 2012), and

subsequently affirmed by the Fifth Circuit in *Tanguy v. West*, 538 F. App'x 440 (5th Cir. 2013), *cert. denied*, 134 S.Ct. 1002 (2014).

Part of the debtor's estate included a piece of real estate located at 1714 Driscoll Street ("Driscoll Street Property"). The Trustee sought to gain title to this property since it was non-exempt and a state court suit was filed. The proceedings proceeded on both state and federal tracts as the Trustee sought to collect monies due the bankruptcy estate. At one point a state court receiver was actually appointed. These state proceedings included two trips to the First Court of Appeals sitting in Houston (Cause No. 01-14-00455-CV, opinions issued April 28, 2016 and October 27, 2016). The ultimate conclusion on the first appeal was that the Court of Appeals "reject[ed] appellants' collateral attack on the bankruptcy court judgment . . ." (April 28th opinion at p. 14) and a similar ruling is found in the October 27th opinion (Opinion at page 9).

During this long drawn-out process, the Trustee ultimately sought and was granted permission by the Bankruptcy Court to sell the Driscoll Street Property on February 14, 2017. While the Appellants initially agreed to the sale in open court, they ultimately objected to the sale. The Bankruptcy Court found that the Appellants had waived these objections. They did not file a motion to stay, and the Driscoll Street Property was sold several days later. Nevertheless, this matter was not dropped. The Appellants here appealed the sale of the property to District Court. That appeal, Cause No. 17-cv-615, was presided over by Judge Vanessa Gilmore. She ultimately ruled against the Appellants and granted the Trustee's Motion to Dismiss (Doc. No. 15). Signed on September 18, 2017, this ruling was appealed to the Fifth Circuit, *In the Matter of Richard Davis*, No. 17-201655, where it was recently affirmed. (17cv615, Doc. No. 21).

After the sale was consummated the Trustee moved to distribute some of the funds in order to pay the primary creditor and to pay his own administrative expenses and attorney's fees.

2

The Appellants objected to these payments, but on March 30, 2017 the Bankruptcy Court overruled the objections and granted the Trustee's Third Interim Application of Trustee's Counsel, the Trustee's First Interim Application for Compensation and Reimbursement, and the motion for an Interim Distribution to Creditor David Laux.[1]

## II. Standard of Review

### A. Findings of Fact and Legal Conclusions

In the Fifth Circuit, legal conclusions receive *de novo* review, while findings of fact are reviewed for clear error. *In re San Patricio Cnty. Cmty. Action Agency*, 575 F.3d 553, 557 (5th Cir. 2009) (quoting *In re Seven Seas Petroleum, Inc.*, 522 F.3d 575, 583 (5th Cir. 2008)); *Matter of Texas Extrusion Corp.*, 844 F.2d 1142, 1156–57 (5th Cir. 1988); *Matter of Briscoe Enterprises, Ltd., II*, 994 F.2d 1160, 1163 (5th Cir. 1993) (citing *Matter of Bennett*, 970 F.2d 138, 139 (5th Cir. 1992)); *Matter of Delta Towers, Ltd.*, 924 F.2d 74, 76 (5th Cir. 1991) (quoting *In re Missionary Baptist Foundation, Inc.*, 712 F.2d 206, 209 (5th Cir. 1983) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948))); *Drive Fin. Servs., L.P. v. Jordan*, 521 F.3d 343, 346 (5th Cir. 2008) (citing Fed. R. Bankr. P. 8013).

### B. Clear Error Review

The Fifth Circuit has defined clear error review in the following ways. In *Matter of Delta Towers*, the Fifth Circuit held that "[f]indings of fact made by a bankruptcy court will not be set aside unless clearly erroneous" and that "[a reviewing] Court will reverse only when 'although there is evidence to support it, the reviewing court on the entire evidence is left with a firm and definite conviction that a mistake has been committed.'" *Matter of Delta Towers, Ltd.*, 924 F.2d

---

[1] The Appellants failed to attend and present any opposition to the motions when the hearing was held. While the Appellees claim this failure equates to a waiver which moots the appeal, this Court will address the actual arguments made on appeal.

3

at 76 (quoting *In re Missionary Baptist*, 712 F.2d at 209 (quoting *United States Gypsum*, 333 U.S. at 395))).

In *Good v. RMR Investments, Inc.*, the Fifth Circuit found that "[u]nder a clearly erroneous standard of review, the district court, sitting as an appellate court, must affirm the decision of the bankruptcy court if the bankruptcy court's account of the evidence is 'plausible in light of the record viewed as a whole.'" 428 B.R. 249, 253 (E.D. Tex. 2010) (citing *Jarvis Christian College v. Nat'l Union Fire Ins. Co.*, 197 F.3d 742, 746 (5th Cir. 1999)). The *Good* Court stated that, "[i]n practice, the 'clearly erroneous' standard requires the appellate court to uphold any [lower] court determination that falls within a broad range of permissible conclusions." *Id.* (citing *Jarvis Christian College*, 197 F.3d at 746 (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 400 (1990))).

### C.   Mixed Questions of Law and Fact

The Fifth Circuit in *Missionary Baptist* refined the standard of review for mixed questions of law and fact: "When a finding of fact is premised on an improper legal standard, or a proper one improperly applied, that finding loses the insulation of the clearly erroneous rule." *Matter of Missionary Baptist*, 712 F.2d at 209 (citing *Smith v. Hightower*, 693 F.2d 359 (5th Cir. 1982)); *see also Fuji Photo Film Co. v. Shinohara Shoji Kabushiki Kaisha*, 754 F.2d 591, 602 n.4 (5th Cir. 1985) (finding that "[t]he 'clearly erroneous' rule does not apply . . . to determinations reached by application of an incorrect legal standard") (citing *Falcon Rice Mill, Inc. v. Community Rice Mill, Inc.*, 725 F.2d 336, 344 & n.7 (5th Cir. 1984); *Kentucky Fried Chicken Corp. v. Diversified Packaging Corp.*, 549 F.2d 368, 384 (5th Cir. 1977); *Continental Motors Corp. v. Continental Aviation Corp.*, 375 F.2d 857, 859 (5th Cir. 1967)).

## III. Discussion

### A. This Court Is Not Ruling on the Jurisdiction Over or the Sale of the Driscoll Street Property. Those Issues Are the Subject of a Different Appeal that has been Resolved.

This appeal is the appeal of three orders allowing three interim payments to be made. The subject matter of the briefing, however, is the genesis of the biggest problem that permeates this appeal. Virtually no evidence has been provided by Appellants to suggest the Bankruptcy Court was incorrect. In fact, Appellants offer very little argument that even pertains to these payments. Instead, Appellants spend most of their briefs (both the Appellants' and Reply briefs) attacking the sale of the Driscoll Street Property and the jurisdiction of the Bankruptcy Court to order that sale. That issue was not appealed to this Court. It was previously appealed to Judge Gilmore's court. It was considered by that Court, and their objections/arguments were dismissed and that ruling has now been affirmed by the Fifth Circuit. It is not properly before this Court.

Appellants' emphasis on this topic can clearly be seen in the prayer/conclusion found in their first brief:

Conclusion

*If a Bankruptcy Court lacks subject matter jurisdiction over property it is attempting to sell, it lacks jurisdiction to order disposition of any sales proceeds from the illegal sale. Both the earlier order of sale and the orders for disposition of proceeds of the illegal sale are void for lack of subject matter jurisdiction.*

Trustee West and his counsels' failure to provide any warning to the Bankruptcy Court that it might be proceeding to sell property over which it had no jurisdiction is very troubling and seems violative of the Supreme Court's warning in Harkin over a century ago that Trustees as well as Receivers are public officers and must disclose all jurisdictional facts to both Courts where the jurisdiction of federal and State Courts collide.

* * *

*This Court should enter an order dismissing this case for lack of subject matter jurisdiction on this appeal and should direct that all further proceedings*

5

*concerning the 1714 Driscoll Street property* and any other claims arising out of the conduct of the Trustee or Receiver in the State Court Receivership proceedings take place and be resolved in the State Receivership Court. This Court should make such other and further orders with respect to this case as it deems just and appropriate.

(Doc. No. 4, pp. 40–41). (emphasis added.)

Similarly their points of error are all aimed at the sale of the Driscoll Street Property:

1. THE 270TH JUDICIAL DISTRICT COURT OF HARRIS COUNTY, TEXAS IN CAUSE NO. 2013-67779 *HAS EXCLUSIVE PRIOR JURISDICTION OVER THE 1714 DRISCOLL STREET PROPERTY* WHICH WAS THE SOURCE OF THE "PROCEEDS" WHICH THE BANKRUPTCY COURT TRIED TO DISTRIBUTE TO TRUSTEE WEST, HIS COUNSEL, AND CREDITOR, DAVID LAUX.

2. *THE DAVIS CHAPTER 7 BANKRUPTCY ESTATE DID NOT OWN THE 1714 DRISCOLL STREET PROPERTY SO THE BANKRUPTCY COURT HAD NO SUBJECT MATTER JURISDICTION OVER THE PROCEEDS OF THAT PROPERTY* UNDER 11 U.S.C. 541 AND ITS ORDERS PURPORTING TO DISTRIBUTE THOSE PROCEEDS TO TRUSTEE WEST, AND HIS COUNSEL AS "INTERIM COMPENSATION" AND TO CREDITOR DAVID LAUX AS AN "INTERIM DISTRIBUTION" WERE VOID.

3. A PURPORTED FAILURE TO PROSECUTE AN OBJECTION OF THE BANKRUPTCY COURT'S *LACK OF SUBJECT MATTER JURISDICTION OVER REAL ESTATE IT IS ATTEMPTING TO SELL* OR ATTEMPTING TO UTILIZE AS PROPERTY OF THE BANKRUPTCY ESTATE CANNOT CONFER SUBJECT MATTER JURISDICTION ON A BANKRUPTCY COURT.

5. TRUSTEE WEST AND HIS COUNSEL FAILED TO MAKE A GOOD FAITH DISCLOSURE OF THE JURISDICTIONAL FACTS WHICH WAS ETHICALLY REQUIRED BY THE "DUTY OF CANDOR TO A TRIBUNAL" AND DIRECT PRECEDENT OF THE UNITED STATE SUPREME COURT. THE TRUSTEE AND HIS COUNSELS' FAILURE *TO INFORM THE BANKRUPTCY COURT THAT THE 1714 DRISCOLL STREET REAL PROPERTY WAS HELD AND OWNED BY THE STATE COURT* RECEIVERSHIP IN CAUSE NO. 2013-67779 STYLED *WILLIAM G. WEST, AS CHAPTER 7 TRUSTEE OF RICHARD DAVIS, DEBTOR V. PHILIPPE TANGUY, 13500 AIR EXPRESS, L.L.C., 13500 AIR EXPRESS, L.P. AND PTRE HOLDINGS, LP*, BEFORE THE 270TH JUDICIAL DISTRICT COURT OF HARRIS COUNTY, TEXAS VIOLATED ETHICAL STANDARDS.

6.     LACK OF JURISDICTION MAY BE RAISED AT ANY TIME.

(Doc. No. 4 at pp. 27–36). (emphasis added).

Even when an appellate point does not specifically address the Driscoll Street Property, the subsequent argument does. For example, Point Four reads:

> 4.     THE BANKRUPTCY COURT ACTED IN EXCESS OF ITS JURISDICTION AND ITS ORDERS PURPORTING TO DISTRIBUTE PROCEEDS OF ITS PREVIOUS ILLEGAL SALE AS "INTERIM" COMPENSATION AND DISTRIBUTION(S) ARE VOID AND/OR VOIDABLE.

(Doc. No. 4 at p. 32).

The phrasing of this point of error suggests that the argument found underneath is going to concern the fees awarded or the debt that was paid to the primary creditor, which is the subject matter of this appeal. Instead, it is an attack on the sale of the property that was the subject of the appeal to Judge Gilmore whose ruling has now been affirmed by the Fifth Circuit.

> Bankruptcy Court Judge Bohm presumably knew that Judge Paul had permissively abstained and refused to interfere with either the State Court Receivership proceedings or the State Court appeal involving such proceedings. Instead of leaving the issue of the proper disposition and sale of the 1714 Driscoll Street property to the State Court where the Receivership was pending, Judge Bohm ordered a sale of the State Court Receivership property over which he had no jurisdiction.
>
> Bankruptcy Judge Bohm was also bound by the earlier order of permissive abstention entered by his predecessor, Bankruptcy Judge Paul. Judge Paul's order was never appealed and became res judicata and the law of the case. No change in condition or circumstances is displayed by this record which warranted Judge Bohm's order negating Judge Paul's permissive order of abstention. Judge Bohm's orders purporting to approve an earlier sale of the 1714 Driscoll Street property and orders purporting to distribute the proceeds of such sale as Trustee West and Trustee's counsels' interim fees and expenses and an interim distribution to creditor Laux were entered in excess of Judge Bohm's jurisdiction. *See Exxon Mobil Corp. v. Saudi Basic Indust.*, 544 U.S. 280, 284 (2005).

(Doc. No. 4 at pp. 26–27).

7

Appellants eventually mention the fees that are the subject matter of this appeal, but only because they were paid with funds emanating from the sale of the Driscoll Street Property. *That sale is not before this Court.*

The law is clear that a Bankruptcy Court has the jurisdiction to order a Trustee to pay creditors. 11 U.S.C. §§ 105(a), 502(a); *See In re Davis*, 170 F.3d 475, 91-92 (5th Cir. 1999); *In re Ezzell*, 438 B.R. 108, 116 (S.D. Tex. 2010). Further, it has jurisdiction to compensate the Trustee and the Trustee's lawyers. 11 U.S.C. § 330(a)(1)(A)-(B) ("[T]he court may award to a trustee . . . reasonable compensation for actual, necessary services rendered . . . and [] reimbursement for actual, necessary expenses."); *see also Matter of Wolf*, 739 Fed. App'x 290, 290 (5th Cir. 2018). Any argument to the contrary would be frivolous.

Appellants' points of error based upon the sale of the Driscoll Street Property are denied. Appellants' jurisdictional complaints about the sale are also denied as the entire subject matter is the subject of a different appeal that has already been ruled upon and has been affirmed by the Fifth Circuit. A party only gets one bite of the apple. Currently, Appellants' only path to relief on those topics is to appeal the Fifth Circuit's recent ruling to the Supreme Court.

**B.      The Only Point That Actually Deals with This Appeal.**

Appellant's Seventh Point of Error is actually pertinent to this appeal. It reads as follows:

> 7. THE BANKRUPTCY COURT'S ORDERS STRIKING DESIGNATED DOCUMENTS AND PLEADINGS FROM RELATED BANKRUPTCY PROCEEDINGS WHICH ESTABLISHED ADJUDICATIVE JURISDICTIONAL FACTS "NOT REASONABLY SUBJECT TO DISPUTE" WAS FUTILE AS WELL AS AN ABUSE OF DISCRETION.

(Doc. No. 4 at p. 37).

The argument under the Seventh Point again initially launches into the sale of the Driscoll Street Property and the lack of subject matter jurisdiction, but it eventually comes back to the subject matter of the actual point of error: the ruling on the record for this appeal.

The pleadings that are the subject of this argument questioned the power of the court to award fees and pay creditors, but neither pleading (See Appendix A attached hereto) addressed either the specifics of the fees requests or the debt owed to the creditor. The Bankruptcy Judge (as well as the state appellate court) had already resolved the issue of jurisdiction and the sale had been ordered. At that point Appellants' only path was to ask for a stay and appeal that ruling. They did appeal the ruling, but never asked for the stay. They have now lost that appeal at the District Court level and at the Fifth Circuit. The Bankruptcy Court struck the objections in question from this appellate record because it did not consider either in making its rulings on these motions. (See Appendix B attached hereto). They were not considered because neither pleading addressed the specifics of the fee requests; instead they both addressed an issue that had already been resolved, albeit against the positions being put forth by Appellants. The Bankruptcy Court's ruling striking these from the record is not in error.

Nevertheless, this Court has reviewed both the pleadings and holds as a matter of law that had they been included in the record, they would not have made a difference. That being the case, their exclusion from the record is certainly not error.

## IV. Conclusion

Appellants have raised jurisdictional objections throughout these proceedings. They lost those in the state district court and in the state appellate system. They lost that argument in the Bankruptcy Court and then at the District Court level. They have now lost that issue in the Fifth Circuit. Appellants do not get to keep appealing the same jurisdictional issue until they find a court that agrees with them.

Setting aside this jurisdictional issue and with regard to the actual merits of the three payments in question in this case, Appellants have not brought forth any factual reason or any

9

legal argument that even hints at an error on the part of the Bankruptcy Court. Having shown no error with regard to factual filings and no error with regard to any legal ruling, the judgment of the Bankruptcy Court is affirmed.

This Court finds this appeal to be frivolous, if not in bad faith, and orders that the Trustee submit by November 21, 2018 a request for reasonable and necessary fees and costs with supporting documentation. Appellants may respond by December 5, 2018, if they so desire.

SIGNED at Houston, Texas this 5th day of November, 2018.

Andrew S. Hanen
United States District Court Judge